IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAPRI DRAYTON,      :
    **Plaintiff**      :
                         :        **No. 1:23-cv-1308**
    **v.**      :
                         :        **(Judge Rambo)**
**AMANDA MCINTYRE,** *et al.*,      :
    **Defendants**      :

## ORDER

**AND NOW**, on this 6th day of November 2023, for the reasons set forth in the Memorandum accompanying this Order, **IT IS ORDERED THAT**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 7) is **GRANTED**;

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed *in forma pauperis*. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent, Warden, or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

   a. The average monthly deposits in the inmate's prison account for the past six months, or

   b. The average monthly balance in the inmate's prison account for the past six months.

   The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the

Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to plaintiff's inmate trust fund account until the fees are paid.  Each payment shall reference the above-captioned docket number;

4.    The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Plaintiff is presently confined;

5.    Plaintiff's complaint (Doc. No. 1) is **DISMISSED** in part, as follows:

   a.  Plaintiff's Eighth Amendment conditions-of-confinement claims related to verbal harassment, use of profanity, and loss of recreation are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

   b.  Plaintiff's First Amendment retaliation claim is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

   c.  Plaintiff's Fifth Amendment procedural due process claim against Chambers is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

   d.  Plaintiff's Eighth (and possibly First) Amendment claim against defendant Chang regarding food service is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

   e.  Plaintiff's *Bivens* claim against defendant the Federal Bureau of Prisons is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) as it is barred by sovereign immunity;

   f.  The Clerk of Court is directed to terminate the following defendants: Amanda McIntyre, D. Horan, Lt. Barrat, C. Croker, Ian Connors, B. Chambers, D. Howard, Raup, Kibiki, Messinger, Chang, B. Rakus, and "FBOP FCI Schuylkill";

6.     Plaintiff, if desired, may file an amended complaint regarding his Eighth Amendment December 2021 conditions-of-confinement claim in accordance with the accompanying Memorandum within **21 days** of the date of this Order;

7.     Plaintiff may not include unrelated claims and defendants in his amended pleading that would violate Federal Rule of Civil Procedure 20, as set forth in more detail in the accompanying Memorandum; and

8.     If no amended complaint is timely filed, this case will proceed on Plaintiff's Eighth Amendment December 2021 conditions-of-confinement claim against defendant Foura only.


s/ Sylvia H. Rambo
United States District Judge